

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

APR - 4 2008
Apr 4, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States of America ex rel.

Ronnie Roberson
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

Jody Hathaway
(Warden, Superintendent, or authorized person having custody of petitioner)

RESPONDENT, and

(Fill in the following blank **only** if judgment attacked imposes a sentence to commence in the future)

ATTORNEY GENERAL OF THE STATE OF

Illinois
(State where judgment entered)

08CV1943
JUDGE DOW
MAG.JUDGE MASON

Case Number of State Court Conviction:

97 CR 20913

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: Skokie Court, 5600 Old Orchard Road Skokie, Illinois 60077

2. Date of judgment of conviction: _____

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

   _____

4. Sentence(s) imposed: _____

5. What was your plea? (Check one)   (A) Not guilty    (X)
   (B) Guilty       ( )
   (C) Nolo contendere ( )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

   _____

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):   Jury ( )   Judge only (X)
2. Did you testify at trial?   YES ( )   NO ( )
3. Did you appeal from the conviction or the sentence imposed? YES (X) NO ( )

   (A) If you appealed, give the

   (1) Name of court: Skokie Court
   (2) Result: Denied – Affirmed
   (3) Date of ruling: March 29, 1999
   (4) Issues raised: #1 (Ineffective Assistance of Counsel) #2 (Not advised of his Miranda rights; 3) that he was arrested before a crime was verified; 4) he was subjected to an improper line-up. ect.

   (B) If you did not appeal, explain briefly why not: _____

4. Did you appeal, or seek leave to appeal, to the highest state court? YES (X)   NO ( )

   (A) If yes, give the

   (1) Result: Affirmed
   (2) Date of ruling: May 27th 2005
   (3) Issues raised: Police Misconduct, prosecutorial misconduct, judicial misconduct, never given his Miranda rights, Ineffective assistance of counsel, No investigation.

   (B) If no, why not: _____

5. Did you petition the United States Supreme Court for a writ of *certiorari*? Yes ( ) No (X)

   If yes, give (A) date of petition: _____ (B) date *certiorari* was denied: _____

Please be advised that on Feb. 2, 2007 Appellate court affirmed Ronnie Roberson's conviction. Mr. Roberson filed a petition for rehearing on Feb. 20, 2007 The Appellate Court denied the petition for Rehearing on March 2, 2007

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES ( )  NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: _____

   B. Date of filing: _____

   C. Issues raised: (1) Roberson had no reason to consent to a search; 2) he was not advised of his Miranda rights; 3) that he was arrested before a crime was verified; 4) he was subjected to an improper line-up

   D. Did you receive an evidentiary hearing on your petition?    YES ( )  NO ( )  See next page →

   E. What was the court's ruling? _____

   F. Date of court's ruling: _____

   G. Did you appeal from the ruling on your petition?    YES ( )  NO (X)

   H. (a)  If yes, (1) what was the result? _____

         (2) date of decision: _____

      (b)  If no, explain briefly why not: _____

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES ( )  NO ( )

      (a)  If yes, (1) what was the result? _____

         (2) date of decision: _____

      (b)  If no, explain briefly why not: _____

and that he was not picked from it; 5) his right to equal protection was violated; 6) that the judge improperly saw Mr. Roberson's F.B.I. file prior to trial; and 7) that an investigation would have found (a) that officer Bigden never saw Mr. Roberson enter the apartment, (b) that the officer wrote the victim's name on the box in Mr. Roberson's car, (c) it was impossible to cut through the laundromat and see the apartment, (d) the victim's door might have locked automatically, and (e) that the victim's name might not have been on the back door, (f) police misconduct, (g) prosecutorial misconduct, (h) judicial misconduct, (I) ineffective assistance of trial counsel for failure to conduct an investigation, and (J) ineffective assistance of appellate counsel. As time went on, Mr. Roberson started to find an ineffective assistance of post-conviction counsel.

Mr. Roberson's petition complained of trial counsel's failure to sufficiently argue the motion to quash his arrest and suppress evidence. Mr. Roberson argue that he did not receive a reasonal level of assistance from post-conviction counsel because counsel did not amend his petition to adequately present his claim of ineffective assistance of trial counsel. Therefore, post-conviction counsel failed to adequately present this claim by failing to amend the petition to argue, consistent with the evidence, that Mr. Roberson's vehicle was first stopped without the reasonable articulable suspicion, and inexplicably conceding this issue despite the fact that the evidence supported it and instead arguing that Mr. Roberson was arrested without probable cause, when the evidence did not support this argument. Trial counsel did not contest, and in essence conceded, the issue of reasonable articulable suspicion to stop the vehicle, and on the basis that the trial court adopted counsel's concession, the Appellate Court upheld the dismissal of the petition on the basis that trial counsel did not contest the issue.

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )   NO (X)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1. Nature of proceeding    _____

        2. Date petition filed    _____

        3. Ruling on the petition    _____

        4. Date of ruling    _____

        5. If you appealed, what was the ruling on appeal?    _____

        6. Date of ruling on appeal    _____

        7. If there was a further appeal, what was the ruling?    _____

        8. Date of ruling on appeal    _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?   YES ( )   NO (X)

    A. If yes, give name of court, case title and case number: _____N/A_____

    B. Did the court rule on your petition? If so, state

        (1) Ruling: _____N/A_____

        (2) Date: _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?   YES ( )   NO (X)

    If yes, explain: _____N/A_____

4

Revised: 7/20/05

PART III – PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.

(A) Ground one __Ineffective Assistance of Trial Counsel__
Supporting facts (tell your story briefly without citing cases or law):

Trial counsel neglected to argue that Mr. Roberson's vehicle was improperly stopped by police who lacked reasonable articulable suspicion that a crime had been committed or was about to be committed. Furthermore, counsel failed to argue that appellate counsel on direct appeal also failed to argue or or raise the issue. This omission allowed the trial court to dismiss Roberson's petition without an evidentiary hearing

(B) Ground two __Post-Conviction Counsel Failed to provide Reasonable Assistance__
Supporting facts:

When counsel failed to amend Roberson's petition he failed to provide reasonable assistance. "Reasonable level of assistance" has been codified in Supreme Court Rule 651(c) which enumerates the specific duties of appointed counsel in post-conviction proceedings. If counsel don't tell defendant to cite cases to show what would make differences in his case, like for instance, Terry v. Ohio, then that defendant don't know what to to do, but counsel knew what to do; It is not permissible to assume that counsel complied with the duties set forth in Rule 651(c); rather, "there must be an explicit showing in the record that he did, in fact, fulfill the rules requirements." Is not counsel wrong when he fails to make appropriate amendments that would have shaped defendant's petition to conform with his constitutional claim? Post-conviction counsel's performance was unreasonable and fell below the level of assistance required by Rule 651(c). Defendant need an opportunity to replead his post-conviction petition. Continued on next page →

5

Revised: 7/20/05

(B) Ground Two supporting facts:

It is well established that res judicata applies only to issues actually decided. In Mr. Roberson's case, the Supreme Court did not discuss any particular issues in granting the motion of counsel on direct appeal to withdraw especially after using the famous line "that no issues of merit exited" on appeal while the doctorine of res judicata" bars consideration of issues that were previously raised and decided on direct appeal. And the State notes that the Illinois Supreme Court has held that post-conviction counsel has the duty to restyle the claim that are contained in pro se petitions so that they may be presented in the proper legal form.

To restyle these claims in proper legal form do not thereby transform into "entirely new claims," as the State contends. Mr. Roberson don't need new claim(s) but where defense counsel has valid grounds for filing a motion to suppress and fails to do so, the defendant has not received competent and effective representation. The record shows that, #1. It is fairly mentioned in Mr. Roberson's pro se petition that an investigation would prove that officer Bigden never saw Mr. Roberson committ a burglary, that alone should have been plain and simple enough to restyle the the claim in proper legal form and whats the problem that a counsel will not give some honest assistance when actually they don't, let the record speak for itself. #2 When trial counsel did not argue that Mr. Roberson's vehicle was improperly stopped, both appellet and post-conviction counsel were wrong when they failed to argue that Roberson's vehicle was improperly stopped, they were both prejudice in Mr. Roberson's case, and the actual stop violated Mr. Roberson's Fourth Amendment rights.

It is presumed that post-conviction counsel knew the law on the issue of he requirement of reasonable articulable suspicion to justify an investigatory stop, and counsel was advised in the State's motion to dismiss that the State was arguing that Roberson's petition did not adequately support his ineffective assistance claim and counsel more fully set forth Mr. Roberson's claim, as supported by the record.

Wilson v. FIRKUS
Cite as 457 F. Supp. 2d 865 (N.D. Ill. 2006)

Robert Wilson, Petitioner,
v.
Greg FIRKUS, Acting Warden, Logan Correctional Center, Respondent
No. 06 cv 00199.
United States District Court,
N. D. Illinois,
Eastern Division
Oct. 20, 2006

10. Habeas Corpus 383

In considering whether a claim was fairly presented in state court, for purposes of a procedural default analysis, a federal habeas court must strive to avoid hypertechnicality; a petitioner need not cite book and verse on the federal constitution to fairly present his claim, but rather, he must simply present the substance of his federal claim in the state courts, and must in some manner, alert the state courts to the federal underpinnings of his claim. 28 U.S.C.A. 2254

11. Habeas Corpus 383

In determining whether a claim was fairly presented in state court, for purpose of a procedural default anlysis, federal habeas court must consider whether petitioner (1) relied on federal cases employing constitutional analysis, (2) relied on state cases applying constitutional analysis to a similar factual situation, (3) asserted the claim in terms so particular as to call to mind a specific constitutional right, or (4) alleged a

pattern of facts that is well within the mainstream of constitutional litigation; none of these factors alone are determinative, and the court must consider the specific facts of each case. 28 U.S.C.A. 2254

12. Constitutional Law 268 (6, 10)
    Criminal Law 661
    Witnesses 2(1)

The Sixth Amendment Compulsory Process and Confrontation Clauses, made applicable to the states through the Fourteeth Amendment's Due Process clause, guarantee a criminal defendant a meaningful opportunity to present a complete defense. U.S.C.A. Const. Amends. 6, 14.

(C) Ground three __Ineffective Assistance of Counsel__
Supporting facts: Issues presented for Review.
Whether post-conviction counsel provided unreasonable assistance of counsel when he failed to comply with Illinois Supreme Court Rule 651(C) which required him to make any amendment necessary for an adequate presentation of Ronnie Roberson's claim of ineffective assistance of counsel for failing to adequately argue Roberson's motion to quash and suppress.

(D) Ground four __Appellate Counsel Rendered Ineffective Assistance__
Supporting facts:
Mr. Roberson asked for an investigation before the motion to quash and suppress, trial counsel said "We don't need an investigation because your constitutional rights were violated." In other words police lacked reasonable articulable suspicion to justify their investigatory stop. The state filed its motion to dismiss on grounds of res judicata, waiver, failing to state a constitutional claim, claims contradicted by the record and inadequate evidentiary

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

   YES (X)   NO ( )

3. If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

See next page attached

Revised: 7/20/05

(D) Ground four Supporting facts:

support. On May 27, 2005, defense counsel rested without argument on the pro se petition and the court found that Mr. Roberson "has no support for any of the claims that he makes." The court thus found that there was no substantial showing of a constitutional violation and dismissed the petition.

Supporting facts:

A criminal defendant is constitutionally entitled to the effective assistance of counsel at trial. U.S. Const. amends VI, XIV The Sixth Amendment recognizes the right to the assistance of counsel.

An investigation is but one of the most essential elements to many court cases and in Mr. Roberson's case it would have guaranteed the truth that officer Bigden never went through the laundromat and into its alley to hide and watch Mr. Roberson go inside of an apartment and leave with a television because there is a fence in front of the back door, glass back door which separates someone's yard from the alley and it is not the same yard or fence to the Smith and Dennison's apartment building. In regards to the alley of the laundromat its no where to hide and watch whats across the street in the direction of the apartment building because its a brick wall which blocks any view, entrance, or exit to the alley of the laundromat. Mr. Roberson and his family use to live on Armitage and Halsted and did their laundry there and Mr. Roberson was there July 12th 1997 doing his laundry and that brick wall is still there.

The Smith and Dennison's apartment building is a whole block away and anyone who enter or exit the alley to their apartment building will either make a right or left turn because there are building directly in front of it. Therefore, its impossible for Office Bigden to have seen anything, and he never had an address to the Smith and Dennison apartment, not until they returned from vacation and called the police.

Here, the record demonstrates that counsel failed to provide reasonable assistance despite his filing of the Rule 651(c) certificate. See People v. Pendleton, 356 Ill. App. 3d 863 (2nd Dist. 2005), leave to appeal granted, 216 Ill. 270, 839 N.E. 2d 1033 (Sept. 29, 2005) (court holds that despite the filing of a Rule 651(c) certificate, defendant did not receive the reasonable level of assistance of counsel as required by the Act). Specifically, counsel in the instant case failed to make any amendments necessary to adequately present Roberson's claim of ineffective assistance of counsel with regard to his motion to quash and suppress.

(Quoting McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970) A conviction should be reversed based on ineffective assistance of counsel if trial counsel's performance fell outside the range of professionally competent assistance, and the defendant was prejudiced by his counsel's deficient performance. Strickland, 466 U.S. at 693; see also People v. Albanese, 104 Ill. 2d 504, 526-27, 473 N.W. 2d 1246, 1255-56 (1984) (adopting Strickland test in Illinois). Given the reasonable probability that a motion to quash arrest and suppress evidence on the grounds that no reasonable articulable suspicion existed to justify the investigatory stop of Roberson's car would have been successful, trial counsel's failure to argue these grounds in his motion fell far below the standard for competent assistance. If that standard had been met in this case, the evidence recovered from Roberson's car would have been suppressed. See People v. Gott, 346 Ill. App 3d 236, 247, 803 N.E. 2d 900 (5th Dist. 2004). Thus, both prongs of the Strickland test are met in this case.

Where defense counsel has valid grounds for filing a motion to suppress and fails to do so, the defendant has not received competent and effective representation. See People v. Steels, 277 Ill. App. 3d 123, 128, 660 N.E. 2d 24, (1st Dist. 1995) (finding defense counsel's failure to file motion to suppress seized cannabis ineffective assistance and reversing defendant's conviction); People v. McPhee, 256 Ill. App. 3d 102, 107, 628 N.E. 2d

523, 527 (1st Dist 1993)(reversing defendant's conviction where defense counsel's failure to move to suppress illegally seized cocain amounted to ineffective assistance); People v. Strewart, 217 Ill. App. 3d 373, 376, 577 N.E. 2d 175, 177 (1st Dist. 1991)(holding that defendant did not receive effective assistance of counsel where defense counsel failed to file a motion to suppress illegally seized narcotics).

Id. Illinois courts have articulated that "in determining whether a stop is reasonable, an objective standard is employed, that is whether the facts available to the officer warrant a person of reasonable caustion to believe that the action taken was appropriate; a mere suspicion or hunch is not sufficient." People v. Watson, 145 Ill. App. 3d 492, 496, 495 N.E. 2d 1153, 1156 (1st Dist. 1986) (citing People v. Fox, 97 Ill. App. 3d 58, 62, 421 N.E.2d 1682, 1685 (1981). Officer must be able to point to specific, articulable facts which, when taken together with the rational inferences from those facts, reasonably warrant the intrusion. People v. Washington, 205 Ill. App. 3d 452, 456, 563 N.E. 2d 517, 520 (3d Dist. 1990). The facts and circumstances, viewed as a whole, "must lead to the conclusion that the situation confronting the police officer is so far removed from the ordinary that any competent police would be expected to act quickly to maintain the status quo, rather than to observe the situation further." Watson, 145 Ill. App. 3d at 496, 495 N.E. 2d at 1156 (quoting People v. McGowan, 69 Ill. 2d 73, 78, 370 N.E. 2d 537, 540 (1977). While a reasonable suspicion may emerge from seemingly innocent, noncriminal conduct, the question is the degree of suspicion that attaches to the circumstances surrounding a defendant's. People v. Smith, 331 Ill. App. 3d 1049, 1055, 780 N.E. 2d 707 (3rd Dist. 2002)." The situation confronting the officer must be so far from the ordinary that any competent officer would be expected to act quickly." People v. Thomas 198 Ill. 2d 103, 110, 759 N.E. 2d 899 (2001).



# OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

203 NORTH LASALLE STREET
24TH FLOOR
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-1447

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

June 5, 2007

**STEPHEN L. GENTRY**
ASSISTANT APPELLATE DEFENDER

Mr. Ronnie Roberson
Register No. A-70990
Shawnee Correctional Center
6665 Route 146 East
Vienna, IL  62995

Dear Mr. Roberson:

     Enclosed find a copy of the Supreme Court's order denying our petition for leave to appeal. I am disappointed that the court did not choose to review your case, as I am sure you are. Unfortunately, I have reviewed your case and have determined that there are no issues with sufficient legal merit to justify the continued representation of you by this office. Thus, your file will now be closed. However, in the event you wish to appeal your case further, you can do so on your own or with other counsel retained by you. The following pages describe the procedures necessary to urge other courts to look at your case.

     There are several ways to proceed. You can write to the United States Supreme Court (petition for writ of certiorari). Depending on what arguments you are making, you might also be able to pursue relief through a post-conviction petition and a federal habeas corpus. The filing deadline for each procedure is noted.

     Good luck to you.

Sincerely,

STEPHEN L. GENTRY
Assistant Appellate Defender

cc:  Docketing cl20
     SADA No. 101139

104335

SUPREME COURT OF ILLINOIS
CLERK OF THE COURT
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

May 31, 2007

Mr. Stephen L. Gentry
Assistant Appellate Defender
203 N. LaSalle St., 24th Floor
Chicago, IL 60601

No. 104335 - People State of Illinois, respondent, v. Ronnie Roberson, petitioner. Leave to appeal, Appellate Court, First District.

The Supreme Court today DENIED the petition for leave to appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court on July 6, 2007.



RECEIVED
JUN 0 5 2007
DOCKETING DEPARTMENT
State Appellate Defender, 1st District

1-05-2097

claim of ineffective assistance of trial counsel was without merit.

In this case, the record contains a certificate filed by post-conviction counsel pursuant to Rule 651(c) in which he stated that he had complied with the requirements of the rule in that he contacted defendant by mail and ascertained his claims of deprivation of his constitutional rights, reviewed defendant's petition and trial transcript, and found that defendant's *pro se* petition adequately presented his claims. Our review of the record thus shows that counsel provided defendant the reasonable assistance contemplated by the Act and that there is no evidence to support defendant's claim to the contrary.

For these reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

O'MARA FROSSARD, J., with O'BRIEN, P.J., and GALLAGHER, J., concurring.



## OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

203 NORTH LASALLE STREET
24TH FLOOR
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-1447

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

February 8, 2007

**STEPHEN L. GENTRY**
ASSISTANT APPELLATE DEFENDER

Mr. Ronnie Roberson
Register No. A-70990
Shawnee Correctional Center
6665 Route 146 East
Vienna, IL 62995

Dear Mr. Roberson:

    Enclosed find a copy of the appellate court's decision affirming your conviction. I believe the appellate court's decision is wrong, and I intend to file a petition for rehearing, asking the appellate court to reconsider its decision. Petitions for rehearing are rarely granted, but we can hope that the court recognizes the incorrectness of its decision. I will send you a copy of petition for rehearing when it is filed.

Sincerely,

STEPHEN L. GENTRY
Assistant Appellate Defender

## PART IV - REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing  Unknown

(B) At arraignment and plea  Unknown

(C) At trial  Audrey Natcone

(D) At sentencing  Audrey Natcone

(E) On appeal  Unknown

(F) In any post-conviction proceeding  Mark Teque; After him, Stephen L. Gentry

(G) Other (state):  None

## PART V - FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO ( )

Name and location of the court which imposed the sentence:  Skokie Court, 5600 Old Orchard Road

Date and length of sentence to be served in the future  _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____
(Date)

_Ronnie Roberson_
Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

_Ronnie Roberson_
(Signature of petitioner)

A-70990
(I.D. Number)

Shawnee C.C.
(Address)

Route 146 East
Vienna, IL. 62995

7

Revised: 7/20/05