## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1943 | **DATE** | April 30, 2008 |
| **CASE TITLE** | U.S. ex rel. Ronald ("Ronnie") Roberson (A-70990) v. Jody Hathaway | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to file *in forma pauperis* [3] is granted. Respondent is ordered to answer or otherwise plead to the petition within thirty days of the date this order is entered on the clerk's docket. The Court dismisses Illinois Attorney General Lisa Madigan as a respondent.

■ [For further details see text below.]     Docketing to mail notices.

### STATEMENT

    Petitioner Ronald (Ronnie) Roberson, a state prisoner at Shawnee Correctional Center, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner asserts challenges to his 1998 conviction and raises several grounds of ineffective assistance with his trial, appellate, and post-conviction attorneys. Finding that petitioner lacks the available funds to pay the filing fee, the court grants his motion for leave to file *in forma pauperis*.

    Respondent is ordered to answer or otherwise plead to the petition within thirty days of the date this order is entered on the clerk's docket.

    Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to petitioner.

    On the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a respondent. The Attorney General is a proper respondent only if the petitioner is challenging a sentence he has not yet begun serving. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996); *see also* Rules 2(a) and (b) of the Rules Governing Section 2254 Cases. In this case, petitioner is not challenging a future sentence, but rather his present confinement. Therefore, the Illinois' Attorney General is not a proper party. The proper respondent is the warden of petitioner's current place of confinement. *See Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005).

isk