In The
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONNIE ROBERSON<br>Petitioner,<br><br>V.<br><br>JODY HATHAWAY, Warden,<br>Respondent. | Case No.: 1:08-cv-01943<br>Honorable Robert M. Dow Jr.<br><br>**FILED**<br>JUN 2 3 2008<br>6-23-2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## ORDER RESPONDENT's Motion To DISMISS For Lack of Jurisdiction

Petitioner's response to motion to dismiss for lack of Jurisdiction. Petitioner believe that each complaint mentioned in pro se petition states a sufficient claim base on law and not merely petitioner's own opinion(s).

A mere allegation base upon a fact that the petitioner is not in custody just because his conviction with a completely expired sentence is grounds for dismissal should be taken into consideration based upon the fact that the petitioner had to exhaust all state court remedies. This means to the Illinois Supreme Court through appeal or petition for leave to appeal.

This petition in front of the Honorable Robert M. Dow Jr. has taken eleven years to reach his desk because petitioner had to exhaust all court-state court remedies; regardless of a new

sentence cashier has nothing to do with case No. #97 CR 20413.

Petitioner now refers to the last section of the third requirement of "Post Trial Remedies" A HandBook for Illinois Prisoners By Illinois State Bar Association Standing Committee on Corrections and sentencing. Page 50; It reads as follow: This exhaustion requirement also applies in situations where a number of different constitutional issues raised in a single habeas petition. In fact, you are now required to consolidate all legal claims in one habeas corpus petition and each issue must be fully exhausted. If a petitioner presents both exhausted and unexhausted issues, it may be dismissed. The court, in its discretion, may stay the petition and allow you to exhaust unexhausted claims if the court determines that there was good cause for your failure to exhaust your claims first in state court. Rhines V. Weber, 125 S. Ct. 1528, 1535 (2005). (Because of this, it is clear - as other answers in this section emphasize - you are best advised to fully pursue all of your issues in state court and then go to federal court with a single habeas petition.)

P. 49: What Are Those Requirements? Page 50: [28 U.S.C section 2241 (c).] Quote: "Broadly speaking, there are three requirements relating to subject matter, custody, and exhaustion of remedies [28 U.S.C. section 2254.]

First you must allege that you are being held in state custody in violation of the U.S. Constitution. That is to say, you must present a federal constitutional issue.

Second, you must be in custody by virtue of the Constitutional state action or ruling. This term has been construed broadly to allow a person to challenge the conviction on imprisonment, parole or bond. One may also use habeas corpus to challenge a sentence to be served in the future, a sentence presently being served through another sentence awaits and any one of a number of concurrent sentences being served.

Third, you must have exhausted your state court remedies on the issue presented. The federal court will demand that you first have attempted to present your constitutional issue to the state court through any appeal or collateral remedy available. (See the section of this Handbook on Illinois remedies.) This means pursuing the issue to the Illinois Supreme Court through appeal or petition for leave to appeal.

The exhaustion requirements just discussed is strictly construed. The issue raised on federal habeas corpus must have been: (1) squarely presented at your trial (there are isolated instances in which you can present issues not raised at your trial); (2) pursued to the highest state court, and (3) must not be presentable in any existing court remedy.

In accordance with this book it does not support petition for Lack of jurisdiction, just because petitioner was discharged. Although the state cite many cases in regards to the opposite. State's motion reads as follow: Page 2, #3 Because petitioner's sentence for residential burglary conviction was discharged before his petition was filed, this court lacks jurisdiction to consider the petition. See Maleng v. Cook, 490 U.S. 488, 490-491 (1989)(district courts have jurisdiction to entertain petition for habeas relief only from person "in custody" under conviction or sentence under conviction or sentence under attack at time petition is filed); Ogunwomaju v. United State, 512 F. 3d 69, 75 (2d Cir 2008)(The "in custody" language of §2254 (a) is jurisdiction

Mr. Roberson's petition was still active in state court before the discharge date February 16, 2007 while petitioner currently serving an unrelated sentence and 97 CR 20913 has nothing to do with the new sentence. The State does not state a claim for relief, also.

Petitioner pray that his petition is granted.

IN THE
## U.S. DISTRICT COURT
## NORTH DISTRICT OF ILLINOIS

Ronnie Roberson )
Plaintiff, )
)
) Case No. 1:08-CV-01943
v. )
)
)
Jody Hathaway )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: Clerk of the U.S. Court      TO: Asst. Attorney General
219 South Dearborn                   Retha Stotts
Chicago, Ill.                             100 West Randolph St.
60604                                 Chicago, IL 60601

PLEASE TAKE NOTICE that on _____ June 16, 2008 I have placed the documents listed below in the institutional mail at Shawnee Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Petitioner's Response motion to Dismiss for Lack of Jurisdiction

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: June 16, 2008            /s/ Ronnie Roberson
                               NAME: Ronnie Roberson
                               IDOC#: A-70990
                               Shawnee Correctional Center
                               6665 Route 146 East
                               Vienna, IL 62995