FILED
JUL 7 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RONNIE ROBERSON, )
    Plaintiff )
)
vs. ) No. 08 C 1943
)
JODY HATHAWAY, et al., )
)
    Defendants. )

PLAINTIFF'S REPLY IN OPPOSITION TO
DEFENDANT'S MEMORANDUM OF LAW

Now comes the plaintiff, Ronnie Roberson, pro se, and pursuant to Rule 12 and Rule 56 of the Federal Rules of Civil Procedure, hereby submits his Reply in Opposition to Defendant's Memorandum of Law. Plaintiff replies to the separately captioned portions of Defendant's Memorandum of Law as follows:

STATEMENT OF FACTS

The State use Davis v. Roberts, 425 F.3d 830, 834 (10th Cir 2005) ("Mr. Davis was no longer in custody under that sentence when file for relief in that court]") Mr. Davis filed in the United State District Court a pleading on a form with the title "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 by a person in State Custody. He wrote in "28 U.S.C. 2241; 28 U.S.C. §1651" after the printed title. His pleading contended that (1) his first sentence was constitutionally infirm because that had not converted it under Kan. Stat. Ann. § 21-4724 and (2) this alleged error rendered unconstitutional the related enhancement to his second sentence. The Court dismissed his claim as barred by the one-year period under the Antiterrorism and Effective Death Penalty Act.

This case have unrelated issues to Petitioner Ronnie Roberson's Habeas Corpus petition. Mr. Davis case relates to an enhanced sentence and therewith certain Rule cannot be applied in Ronnie Roberson's case

in regards to §2254's section. Under section "For instance, 1651(a)" Coram nobis is not available in a federal court as a means of attack on a state criminal judgment") Larry W. Yackle, post-conviction Remedies § at 162 (1981) ("The Writ of Coram nobis] is available only in the Sentencing Court to petitioners challenging federal conviction and sentences").

Ronnie Roberson, the petitioner expired sentence came with the long hard struggle between two post-convictions, had it not been for that, there would have been a habeas corpus before now. Its not the petitioner's fault that it took eleven years to complete, to exhaust all court remedies as required by Law.

Unlike Mr. Davis, who sought means to enhance his second sentence. Mr. Roberson is still in the guide-lines and is entitled to the one year limitation like any one whose at the end of a post-conviction and have exhausted Court remedies.

I have not had an opportunity to read and research the other cases that the Attorney General cited. I am given only two hours when ever it's possible to go to the law library. Davis v. Roberts was the case that I was able to research.

Please Deny the motion to dismiss for lack of Jurisdiction.

WHEREFORE, for the reasons and rationales set forth in the foregoing Reply in Opposition to Defendant's Memorandum of Law, and in light of the pleadings and other documents attached hereto and made a part hereof, plaintiff respectfully asks the Court to refrain from entering judgment in favor of defendants.

Respectfully submitted,

*Bonnie Balerson*

Plaintiff, pro se
Box 300, # ~~A-----~~ 6665 Route 146 East
Shawnee Correctional Center
Vienna, Illinois  62995

Dated: 7-1-08